**BAYOU FLEET, INC.**

v.

**Ellis ALEXANDER, Individually and in His Capacity as a Council Member of the St. Charles Parish Council, et al.**

**Civil Action No. 97–2205.**

United States District Court, E.D. Louisiana.

Sept. 8, 1998.

under the WVHRA, under a *Guevara*-type analysis. *Guevara v. K–Mart Corp.,* 629 F.Supp. 1189 (S.D.W.Va.1986) (Haden, C.J.).

J. Mac Morgan, New Orleans, LA, for Bayou Fleet, Inc.

Darryl Harrison, New Orleans, LA, for Ellis A. Alexander.

Randell O. Lewis, Luling, LA, for St. Charles Parish.

## ORDER AND REASONS

MENTZ, District Judge.

The court addresses here defendant Ellis A. Alexander's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Plaintiff Bayou Fleet, Inc. filed this action against Alexander and others asserting claims under 42 U.S.C. § 1983, the Sherman Act, 15 U.S.C. §§ 1 and 2, and the Louisiana Unfair Trade Practices Act, La. Rev.Stat. ann. § 51:1401, *et seq.* for activities allegedly intended to destroy Bayou Fleet's business.

Bayou Fleet sued Alexander in both his individual and official capacity as a member of the St. Charles Parish Council. Alexander seeks dismissal of all claims asserted against him in his individual capacity on the ground of immunity under the Noerr-Pen-

nington doctrine and legislative immunity from liability under § 1983.[1]

Bayou Fleet engages in barge and vessel repair, as well as the ownership and operation of sand pits on Mississippi River batture located in St. Charles Parish, Louisiana. Bayou Fleet accesses its property by crossing the Mississippi River levee.

Bayou Fleet alleges that Alexander attempted to destroy its business to eliminate it as a competitor of Home Place Batture Leasing, Inc., by: (1) promoting various permit and zoning challenges to Bayou Fleet's sand pit operation before the Louisiana Coastal Zone Management Authority, the United States Army Corps of Engineers, and the Lafourche Basin Levee District Board; (2) proposing a resolution before the Parish Council for a sales tax audit of Bayou Fleet's operations; (3) proposing an ordinance before the Parish Council making it a criminal act to operate any business across any portion of the Mississippi River levee without express written approval of the Parish Council; and (4) proposing a resolution for appointment of Home Place's attorney as "Special Legal Counsel" to investigate whether Bayou Fleet had lost the non-conforming status of its property which enabled it to operate its business.

The zoning and permit challenges Alexander lobbied for failed, as did the resolution to conduct a sales tax audit. But, the levee ordinance and the Special Counsel resolution were adopted. After trial on the merits of Bayou Fleet's request for a preliminary and permanent injunction, this court declared both acts unconstitutional. *See Bayou Fleet Inc. v. Alexander*, 1997 WL 625492 (E.D.La. Oct.7, 1997). The Council thereafter voted to rescind the ordinance and resolution.

## Noerr–Pennington Doctrine

■ Alexander argues that the Noerr–Pennington doctrine entitles him to judgment on the Sherman Act claim against him in his individual capacity. This doctrine protects private parties from antitrust liability in lobbying for anti-competitive action from the government. *City of Columbia v. Omni Outdoor Advertising*, 499 U.S. 365, 111 S.Ct. 1344, 1354, 113 L.Ed.2d 382 (1991). Alexander's unofficial activities to persuade governmental authorities other than the Parish Council (of which he is a member) to make zoning and permit decisions which would close down Bayou Fleet's sand pit operations are immune from antitrust liability under the Noerr–Pennington doctrine. *See Erie Builders Concrete Co. v. Erie–Western Pennsylvania Port Authority*, 705 F.Supp. 1125, 1130 (W.D.Pa.), *aff'd*, 882 F.2d 510 (3rd Cir.1989) (Noerr–Pennington immunity from antitrust liability "applies to an official of a state authority to the extent that the plaintiff alleges that the official's conduct is taken in his private capacity); *Chambers Development Co. v. Municipality of Monroeville*, 617 F.Supp. 820, 823 (W.D.Pa.1985) (councilman's actions in individual capacity are immune under the Noerr–Pennington doctrine); *Lockary v. Kayfetz*, 587 F.Supp. 631 (N.D.Cal.1984) (local members of the public utility district and the planning council were immune from liability for activities engaged in their individual capacities under the Noerr–Pennington doctrine).

The sham exception to the Noerr–Pennington doctrine does not apply in this case. That exception involves a defendant who uses "the governmental process—as opposed to the outcome of that process—as an anticom-

---

**1.** Alexander filed an answer to the complaint which generally alleges Bayou Fleet's failure to state a cause of action, but does not assert any affirmative defenses. Federal rules of pleading require that affirmative defenses like immunity must be asserted in the answer or in a motion to dismiss filed as the first response to the complaint. *See* Fed.R.Civ.P. 8(c); *U.S. v. Burzynski Cancer Research Institute*, 819 F.2d 1301 (5th Cir.1987), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1026, 98 L.Ed.2d 990 (1988) (an affirmative defense can be raised by a summary judgment motion when that is the first response to the

plaintiff's complaint); Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* §§ 1277, 1357 (immunity defenses may properly be considered on a motion to dismiss). Having reviewed the present motion, the court finds that these are proper defenses, and that Bayou Fleet will suffer no unfair prejudice if they are considered on the merits. The present motion wherein these defenses were asserted for the first time was filed shortly after Bayou Fleet answered the complaint. The court finds that under these circumstances, it would not serve justice to deem these defenses waived.

petitive weapon." *Omni,* 499 U.S. at 380, 111 S.Ct. at 1354. Here, the pleadings are undisputed that Alexander genuinely sought to achieve the governmental measures for which he lobbied. He was not interested in the process itself as a weapon, but in actually obtaining the agency decisions that would effectively close Bayou Fleet's sand pit operation. Because Alexander's actions taken individually were aimed at procuring governmental action, the sham exception does not apply.

■ The Noerr–Pennington doctrine does not apply to Alexander's actions taken in his official capacity as a member of the St. Charles Parish Council. However, if it is Bayou Fleet's position that Alexander somehow acted in his individual capacity when he made legislative proposals before the Parish Council, then he is entitled to Noerr–Pennington immunity on that conduct as well.

*Louisiana Unfair Trade Practices Act*

■ Bayou Fleet's state law claim is based on the same facts and circumstances as its federal antitrust claims. The Noerr–Pennington doctrine applies to antitrust actions premised on state law. *See Video Int'l Prod., Inc. v. Warner–Amex Cable Communications, Inc.,* 858 F.2d 1075, 1084 (5th Cir. 1988) (the Noerr–Pennington doctrine, which originally arose in the antitrust field, has been extended to protect first amendment petitioning of the government from claims brought under federal and state laws"), *cert. denied,* 490 U.S. 1047, 109 S.Ct. 1955, 104 L.Ed.2d 424 (1989)(citing *Evers v. County of Custer,* 745 F.2d 1196, 1204 (9th Cir.1984); *Gorman Towers, Inc. v. Bogoslavsky,* 626 F.2d 607, 614 (8th Cir.1980)); *see also Kottle v. Northwest Kidney Centers,* 146 F.3d 1056 (9th Cir.1998) (the Noerr–Pennington doctrine sweeps broadly and is implicated by both state and federal antitrust claims that allege anticompetitive activity in the form of lobbying or advocacy before any branch of either federal or state government).¹ Accordingly, the claims against Alexander under the Louisiana Unfair Trade Practices Act, § 51:1401, *et seq.,* for actions undertaken in his individual capacity must be dismissed under the Noerr–Pennington doctrine.

*Section 1983*

■ "[A]ny behavior by a private party that is protected from antitrust liability by the Noerr–Pennington doctrine is also outside the scope of section 1983 liability." *Video Int'l Prod., Inc.,* 858 F.2d at 1084; *Boulware v. State of Nevada, Dept. of Human Resources,* 960 F.2d 793, 800 (9th Cir.1992); *Evers,* 745 F.2d at 1204. Having found that Alexander individually is immune from antitrust liability under the Noerr–Pennington doctrine, he also is immune from individual liability under § 1983 liability.[2]

Accordingly,

IT IS ORDERED that defendant Ellis A. Alexander's 12(c) Motion For Judgment On The Pleadings is GRANTED dismissing as a matter of law all claims against Alexander in his individual capacity under the Sherman Act, 15 U.S.C. §§ 1 and 2, the Louisiana Unfair Trade Practices Act § 51:1401, *et seq.;* and 42 U.S.C. § 1983.

---

**2.** Because Alexander individually has Noerr–Pennington immunity from § 1983 liability, it is not necessary to discuss the merits of his additional defense of absolute legislative immunity.